USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

VINCENZO OPPEDISANO

                Plaintiff,

-against-                          No. 24-CV-08469 (NSR)

LYNDA ZUR,                         OPINION & ORDER

                Defendant.

NELSON S. ROMÁN, United States District Judge

      Plaintiff Vincenzo Oppedisano ("Plaintiff") commenced this action on or about September 19, 2024, against Lynda Zur ("Defendant" or "Zur") in New York State Surrogate's Court, Orange County ("Surrogate's Court"), seeking a compulsory accounting and related relief.[1] (ECF No. 1, Ex. A.)  By Notice of Removal, the Defendant removed the action from Surrogate's Court to this Court. *(Id.)* Presently before the Court is Plaintiff's motion seeking a court order remanding the action back to Surrogate's Court. For the following reasons, the motion is GRANTED.

## BACKGROUND

      The following facts and procedural history are taken from the Surrogates Court petition, court filings, and the motion papers.

**Factual Background**

      Plaintiff commenced a proceeding in Surrogate's Court filing a petition on or about September 19, 2024, seeking an accounting. In the petition, Plaintiff alleges that he is a

---

[1] A review of the docket actually indicates the Plaintiff commenced the action via the filing of a petition.

Page 1 of  11

domiciliary of the Town of Montgomery located in Orange County, N.Y., and that the Defendant is a domiciliary of Lauderdale-By-the-Sea, FL. (*Id*. ¶¶ 1, 6.) Plaintiff asserts that he is the "Grantor" and "sole beneficiary" of the Vincenzo Oppedisano Trust pursuant to an Agreement dated November 13, 2006, which named Defendant Zur as the sole trustee. (*Id*. ¶¶ 2, 5.) Plaintiff further asserts that Zur, as a fiduciary, has failed to file an accounting. The Plaintiff seeks relief pursuant to N.Y. Surr. Ct. Proc. Act Law ("SCPA") § 2205.[2] (*Id*. ¶ 4.)

On November 7, 2024, the Defendant removed the proceeding to this court by Notice of Removal. On December 5, 2024, Plaintiff filed his Notice of Motion seeking to remand the action to Surrogate's Court and a Memorandum of Law in Support of his motion. (ECF Nos. 7, 8.) Defendant filed her Memorandum of Law in Opposition to the motion on December 16, 2024. (ECF No. 12.) Plaintiff filed his reply Memorandum of Law on December 23, 2024. (ECF No. 13.)

## LEGAL STANDARDS

### I. Federal Jurisdiction

Federal jurisdiction is conferred pursuant to 28 U.S. Code § 1331 and 28 U.S. Code § 1332. 28 U.S. Code § 1331 provides in relevant part that federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, commonly referred to as federal question jurisdiction. 28 U.S. Code § 1332(a) provides in relevant part that federal district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. This is commonly referred to as

---

[2] SCPA 2205(1) and (2) provide in relevant part that an interested party may seek a compulsory accounting of an estate. . One of them is a "person interested" in the estate (SCPA 2205 [2] [b]).

diversity jurisdiction. It is well-settled that federal courts are courts of limited jurisdiction whose authority is strictly defined by Article III of the U.S. Constitution and congressional legislation. *See United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986)). Subject matter jurisdiction, therefore, cannot be waived by express consent, conduct, or estoppel when a litigant "fails to challenge jurisdiction early in the proceedings." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2105 (1982).

### II. Removal

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Lincoln Property Co. v. Roche,* 546 U.S. 81, 126 S.Ct. 606 (2005) (explaining that § 1441 "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court"); *see also Gurney's Inn Resort & Spa Ltd. v. Benjamin,* 743 F. Supp. 2d 117, 119 (E.D.N.Y. 2010) ("Generally, a case may be removed from state court to federal court 'only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." (citing *Citibank, N.A. v. Swiatkoski,* 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005)). Absent diversity jurisdiction, removal is normally improper unless a federal question appears on the face of plaintiff's well-pled complaint. *See Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for al., et al.*, 463

U.S. 1, 9–10, 103 S.Ct. 2841 (1983); *Noel v. J.P. Morgan Chase Bank N.A.*, 918 F. Supp. 2d 123, 124 (E.D.N.Y. 2013).

"A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corr. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047 (1998) (quotations and citation omitted); *see also* 28 U.S.C. § 1332. Where there is a lack of complete diversity between the parties, the court lacks subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553–54, 125 S.Ct. 2611 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims."). Additionally, to maintain diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

A plaintiff's good faith assertion regarding the matter in controversy as claimed in the face of the complaint generally controls. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590 (1938); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d at 785–86 (holding that the amount in controversy is measured at the time the complaint is filed and the court need only look at the face of the complaint). Such good faith assertion, however, is subject to a rebuttable presumption. *See Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). When the amount in controversy is unclear from the face of the complaint, the removing party must demonstrate the existence of the requisite amount in controversy. *See Video Connection of America, Inc. v. Priority Concepts, Inc.*, 625 F. Supp. 1549, 1550 (S.D.N.Y. 1986); *see also Hodges v. Demchuk*, 866 F. Supp. 730,

732 (S.D.N.Y. 1994) (finding that, ultimately, the party seeking to sustain the removal from state to federal court, bears the burden of demonstrating that removal is proper).

A litigant summoning the jurisdiction of the federal court has the burden of proving that it appears to a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 785 (1936)). Remand to the state court, however, is appropriate when it appears to the court to a legal certainty that the claimed amount in controversy is less than the jurisdictional threshold amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Due to the court's constitutionally limited jurisdiction, the district court may raise the issue of subject matter jurisdiction *sua sponte*, inclusive of the amount the controversy. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 107 (2d Cir. 1997); *Baer v. United Services Auto. Assoc.,* 503 F.2d 393, 396–97 (2d Cir. 1974) (citation omitted).

## DISCUSSION

28 U.S.C. § 1446(b) provides in relevant part that a defendant seeking to remove a civil action from a state court shall file in the district court of the United States for the district and division within which such action is pending. Moreover, a defendant shall file a notice of removal within thirty (30) days after the receipt by the defendant, through service of a copy of the initial pleading setting forth the claim. In her notice of motion, the Defendant correctly asserts that she timely moved to have the action removed from state court and transferred to federal court. The Plaintiff does not challenge the timeliness of the filing of the notice of removal. Nor

does Plaintiff challenge the existence of complete diversity.

Plaintiff does, however, challenge whether the factual allegations contained in the underlying pleading is sufficient to meet the necessary threshold amount in controversy in excess of $75,000.00. As previously mentioned, courts have recognized "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde–Meskel*, 166 F.3d at 63. And as mentioned, the amount in controversy is measured at the time the complaint is filed. *See Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005).

The original pleading appears to strongly suggest the existence of a fiduciary relationship between the Plaintiff and the Defendant.[3] More specifically, Plaintiff asserts the existence of a trust, the Vincenzo Oppedisano Trust (the "VO Trust") wherein Plaintiff is the grantor and beneficiary, and the Defendant is the trustee. Generally, a beneficiary to a trust has a right to an accounting.[4] *See Chalasani v. State Bank of India, N.Y. Branch*, 235 A.D.2d 449, 450, 653 N.Y.S.2d 28 (2nd Dept. 1997). The right to an accounting rests upon a trust or fiduciary relationship. *See Grossman v. Laurence Handprints-N.J., Inc.*, 90 A.D.2d 95, 104, 455 N.Y.S.2d 852, 858 (1982). An accounting is an equitable remedy that is designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return, if applicable, any misappropriated funds. *See Roslyn Union Free Sch. Dist. v. Barkan*, 16

---

[3] A fiduciary relationship exists between two persons when one of them is under duty to act for or to give advice for benefit of another upon matters within scope of the relation. *See* Restatement (Second) of Torts § 874; *AG Cap. Funding Partners, L.P. v. State St. Bank & Tr. Co.*, 11 N.Y.3d 146 (2008).

[4] An accounting is typically presented in the form of an affidavit, wherein the fiduciary presents a true statement of all his/her receipts and disbursements on account of the estate and of all money or other property belonging to the estate which have come into his/her hands or been received by any other person by his order or authority for his use and that he does not know of any error or omission in the account to the prejudice of any creditor of, or person interested in, the estate. *See* N.Y. Surr. Ct. Proc. Act Law § 2209.

N.Y.3d 643, 653 (2011) (citing *Ederer v. Gursky*, 9 N.Y.3d 514, 525 (2007)).

Plaintiff, as petitioner, filed a petition pursuant to SCPA 2205 seeking a compulsory accounting of the VO Trust for whom he is purportedly the sole beneficiary and the Defendant is the sole trustee. Notably, Plaintiff does not seek monetary damages. Accordingly, there is no "amount in controversy" which can be discerned from the face of the complaint.

"Under article 22 of the Surrogate's Court Procedure Act, fiduciaries such as executors and trustees have an obligation to account for their actions." *Matter of Holterbosch*, 216 A.D.3d 783, 784, 189 N.Y.S.3d 228, 229 (2023) (quoting *Matter of Hunter*, 4 N.Y.3d 260, 267, 794 N.Y.S.2d 286, 827 N.E.2d 269)). Significantly, the petition does not assert a claim wherein the claimant seeks relief in the form of monetary compensation. Moreover, since the relief sought lies more in equity, the factual allegations of the petition/complaint does not lend itself to providing a good faith representation of an "actual amount in controversy," which would enable the Court to determine whether the claim is in excess of the $75,000.00 requisite threshold.

In opposition to the instant motion, Defendant asserts that the amount in controversy far exceeds the $75,000.00 threshold. In support, Defendant contends that the Court, in resolving the instant motion, should consider two prior civil action commenced by Plaintiff: *Oppedisano vs. Zur*, Index No. 20-cv-05395 (S.D.N.Y.) ("*Oppedisano I*") and *Oppedisano vs Myles*, et al., 22 cv 62449 (S.D.Fla.) (*"Oppedisano II"*).[5] It is a basic principle of law that courts may take judicial notice of factual assertions and conclusions that have been decided in prior litigation and which a litigant is estopped from re-litigating. *See Jacobs v. L. Offs. of Leonard N. Flamm*, No. 04 CIV. 7607, 2005 WL 1844642, at *3 (S.D.N.Y. July 29, 2005) (citing *Thompson v. County of*

---

[5] In *Oppedisano I*, the Defendant argued that *Oppedisano I* and *II* were duplicative actions. The Court, however, rejected that argument. (ECF No. 12, Exh. 3.)

*Franklin*, 15 F.3d 245, 253 (2d Cir. 1994)).

Plaintiff previously commenced *Oppedisano I* in New York State Supreme Court, Orange County, Case No. EF003078-2020, which was later removed to this Court. In *Oppedisano I*, the Plaintiff asserted multiple claims arising out of an alleged business partnership between Plaintiff and Defendant. The claims included, *inter alia*, fraud, breach of contract, breach of fiduciary, and the demand for an accounting pursuant to New York Partnership Law §§ 44 and 77. (*Oppedisano I*, ECF No. 1.) . In *Oppedisano I*, Plaintiff sought damages in the amount of $12,000,000.00.

In *Oppedisano I*, the main issue before the court was whether there was a business partnership between Plaintiff and Defendant, in a fixed base operator ("FBO") located at the Fort Lauderdale Airport, and the misuse of the partnerships assets. In an opinion dated March 13, 2023 (the "Opinion"), the Court noted that in the more than two years "that [*Oppedisano I*] has been pending, Plaintiff has elicited zero [evidence] supporting his fanciful allegations of a supposed business partnership between himself and Defendant (in actuality eliciting the opposite). Here, the undisputed evidence is that no partnership/joint venture exists, that Plaintiff is not a manager/owner of the fixed base operator ("FBO") business in Florida" as alleged. *(Oppedisano I*, ECF No. 105.)

In the Opinion, the Court also references the existence of the VO Trust. (*Id*.) Other than making passing references to the trust, the Court noted that:

> "On November 13, 2006, plaintiff and defendant executed a document that appears to create an irrevocable inter vivos trust (the "Trust"). (Pl. 56.1 Statement at 16; Doc. #110-4). The document identifies plaintiff as the grantor and beneficiary and defendant as the trustee; it does not identify any trust property."

The Court also noted that:

> "On August 8, 2007, plaintiff signed a document entitled "Stock Power." The document reads as follows: VINCENZO OPPEDISANO, individually, as shareholder, president, officer, and all other titles, hereby irrevocably assigns and transfers unto

> LINDA ZUR, as trustee of the Vincenzo Oppedisano trust dated November 13, 2006, ALL of his Shares of Stock in SANO AVIATION INC., standing in his name on the books of said Corporation. This transfer is for no consideration. (Doc. #110-5 at ECF 1). The parties also dispute the nature and legal effect of this document, but plaintiff does not dispute that he signed it. (Doc. #111-1 at 60). This document is also notarized. (Doc. #110-5 at ECF 1). Relatedly, an undated stock certificate states "Linda Zur, as trustee of the Vincenzo Oppedisano Trust" is the owner of all two hundred shares of stock in SAC.

Though Defendant is correct that there are multiple references to the VO Trust and to some of its monetary assets and property, the claims in *Oppedisano I* did not focus on the existence of the VO Trust and there was no demand for an accounting of the trust assets. While there is some indication regarding the existence of the trust, there is no evidence of, or determination of, what constitutes the corpus of the trust or whether its assets were depleted.

In *Oppedisano II,* Plaintiff asserted several claims against Marshall Myles ('Myles") and several of his business entities, described as shell companies. These claims included aiding and abetting fraud, breach of fiduciary duty, and civil conspiracy. The gist of the claims as asserted are that Myles aided Zur in an effort to defraud Plaintiff and his alleged partnership with Zur in the FBO, and to ultimately replace Plaintiff with Myles in the partnership. Plaintiff sought damages in the amount of $12,000,000.00. The Complaint references the VO Trust and some of its assets–*e.g.*, the Sano Aviation Corp. ("Sano Corp."). The claims, however, have little, if anything, to do with the existence of the VO Trust and its assets.

Defendant correctly asserts that in *Oppedisano I* and *II* Plaintiff sought damages well in excess of the requisite statutory requisite necessary for diversity jurisdiction and that the claims are related. While there may be some overlapping facts, it is this Court's determination that the claims are vastly different and have no bearing in the Court's analysis. Significantly, Plaintiff may have sought to recover damages in excess of $75,000.00 in *Oppedisano I* and *II,* is of no relevance in determining the amount in controversy in this action*.* Thus, Defendant has failed to

carry its burden of demonstrating the existence of subject matter jurisdiction. In particular, the Defendant has failed to demonstrate that the claims asserted in the original pleadings are in excess of the statutory jurisdictional amount.

Lastly, federal courts have long recognized the "probate exception" to federal jurisdiction. *See Marshall v. Marshall,* 547 U.S. 293, 126 S.Ct. 1735 (2006) (internal citations omitted). The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate, and prohibits federal courts from attempting to dispose of property that is in the custody of a state probate court. (*Id.* at 311-12.) The exception does not, however, bar the federal courts from resolving matters otherwise within federal jurisdiction. *Id*. If diversity or federal question jurisdiction lies, the federal court must, exercise jurisdiction over the controversy. *See Lefkowitz v. Bank of New York*, 528 F.3d 102, 106 (2d Cir. 2007). Based upon a review of the claims asserted, the Court determines that the probate exception is inapplicable.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion seeking to remand the action back to Surrogate's Court is GRANTED. The Clerk of Court is respectfully directed to remand the action (Case No. 2024-913) to Surrogate's Court, County of Orange at 30 Park Place, Goshen, New York 10924, and to terminate the motion at ECF No. 7. Plaintiff is directed to serve a copy of the original petition filed in Surrogate's Court, County of Orange as well as a copy of this Opinion & Order to Surrogate's Court, County of Orange.

Dated: June 10, 2025　　　　　　　　　　　　　　SO ORDERED:
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge